# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00378-JMS-MJD |
| | ) | |
| WILLIAM ERIC MEEK and | ) | |
| BOBBY LEE PEAVLER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOBBY PEAVLER'S MOTION TO COMPEL
## THE PRODUCTION OF MATERIALS FROM BACKUP TAPES
## IN AN ACCESSIBLE FORM

Pursuant to Federal Rule of Criminal Procedure 16(d), Defendant Bobby Peavler respectfully moves for an order compelling the government to produce relevant material from backup tapes to Defendants in an accessible form. There is important evidence in the government's possession that it has not made available to Mr. Peavler in accessible form. That evidence was provided to the government by Celadon Group, Inc. ("Celadon") and consists of backup tapes including email boxes of 106 employees that Celadon's own lawyers identified as containing information relevant to the events of this case.

The backup tapes contain important evidence for Mr. Peavler. For instance, the Indictment contends that trucks were not properly valued at Celadon and that the accounting at Celadon was done improperly, but the government has not produced emails from many of the accounting employees who actually performed the accounting and who were in communication with Celadon's outside auditor. The email boxes on the backup tapes – which have not been produced or apparently even examined by the government – belonged to individuals such as Celadon's accounting manager, its internal audit manager, and its email administrator.

1

The government has offered to make these backup tapes available to the defense if: (i) the defense incurs the costs necessary to restore the backup tapes; and (ii) the defense hires a third party to conduct a review of the information on the tapes and assert claims of attorney-client privilege and other privileges on behalf of Celadon (which had not performed such a review before turning the tapes over to the government).

The government's offer is inconsistent with Rule 16 and its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), which require the government to review the material in its possession and make material responsive under Rule 16 and *Brady* available to the defense in an accessible way. By refusing to restore the information on backup tapes and by insisting that Mr. Peavler undertake the cost of a privilege review on behalf of a third party, the government has not made the information on the tapes available in an accessible way and has not complied with its obligations under Rule 16 and *Brady*. Moreover, the government is well-suited to restore the tapes and to conduct a privilege review, while Mr. Peavler does not have the resources to restore the tapes, hire a third party to conduct a privilege review for Celadon, and defend himself at trial.[1]

For the reasons identified above and in the accompanying memorandum of law, Defendant Bobby Peavler respectfully requests that the Court grant his motion and enter an order compelling the government to (i) restore the backup tapes containing the email boxes of the 106 Celadon employees; (ii) cooperate with defense counsel to identify any other backup tapes that

---

[1] In support of his motion, Mr. Peavler has attached the declarations of Michael Kelly and Eric Mandel.

are reasonably believed to contain relevant evidence not otherwise produced in the case; (iii) bear the cost of restoring those tapes that contain relevant evidence not otherwise produced; and (iv) conduct the privilege review concerning the backup tapes that are restored.

Respectfully submitted,

| | |
|---|---|
| /s/ Sergio E. Acosta | /s/ Michael P. Kelly |
| Sergio E. Acosta, *Pro hac vice* | Michael P. Kelly, *Pro hac vice* |
| Akerman LLP | Douglas B. Paul, *Pro hac vice* |
| 71 S. Wacker Drive, 47th Floor | Ildefonso P. Mas, *Pro hac vice* |
| Chicago, IL 60606 | Akerman LLP |
| Telephone: (312) 634-5700 | 750 Ninth Street, N.W. |
| Facsimile: (312) 424-1900 | Suite 750 |
| sergio.acosta@akerman.com | Washington, D.C. 20001 |
| | Telephone: (202) 393-6222 |
| *Attorneys for Bobby Peavler* | Facsimile: (202) 585-6223 |
| | michael.kelly@akerman.com |
| | douglas.paul@akerman.com |
| | ildefonso.mas@akerman.com |

**CERTIFICATE OF SERVICE**

       I hereby certify that, on October 27, 2020, a copy of the foregoing Motion to Compel the Production of Materials from Backup Tapes in an Accessible Form, along with the accompanying declarations and memorandum of law, was filed using the CM/ECF electronic filing system. Service of these filings will be made on the persons listed below by operation of the Court's electronic filing system, and parties may access these filings through the Court's electronic filing system.

| | |
|---|---|
| Lawrence Rush Atkinson<br>Kyle William Maurer<br>U.S. Department of Justice, Criminal Division<br>1400 New York Avenue NW<br>Washington, DC 20005<br>Telephone: 202-514-2000<br>lawrence.atkinson2@usdoj.gov<br>kyle.maurer@usdoj.gov | Sean M. Berkowitz<br>Eric Swibel<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Eric.Swibel@lw.com<br>Sean.Berkowitz@lw.com |
| Nicholas J. Linder<br>Steven DeBrota<br>Assistant United States Attorneys<br>United States Attorney's Office<br>10 West Market Street, Suite 2100<br>Indianapolis, IN 46204-3048<br>nick.linder@usdoj.gov<br>steve.debrota@usdoj.gov<br><br>*Attorneys for the United States* | Joshua Hamilton<br>Latham & Watkins LLP<br>10250 Constellation Blvd. Suite 1100<br>Los Angeles, CA 90067<br>Telephone: (424) 653-5509<br>Joshua.Hamilton@lw.com<br><br>*Attorneys for William Eric Meek* |

                                                /s/ Michael P. Kelly
                                                *Attorney for Bobby Peavler*