# EXHIBIT 7

| | |
|---|---|
| **From:** | Kelly, Michael (Ptnr-DC) |
| **Sent:** | Thursday, October 8, 2020 4:53 PM |
| **To:** | 'Atkinson, Lawrence (CRM)'; Maurer, Kyle (CRM); Linder, Nick (USAINS) |
| **Cc:** | Acosta, Sergio (Ptnr-Chi); Paul, Douglas (Ptnr-DC); Mas, Ildefonso (Assoc-DC); Sean.Berkowitz@lw.com; eric.swibel@lw.com; Joshua.Hamilton@lw.com |
| **Subject:** | US v. Meek and Peavler |
| **Attachments:** | October 8, 2020 Letter to DOJ.PDF |

Gentlemen:

See the attached letter. We'd like to set up a call with you so we can discuss these discovery issues before the conference on Tuesday. Is there a time on Monday that works for you?

Best regards,

Mike

**Michael Kelly**
Partner
Akerman LLP | 750 Ninth Street, N.W., Suite 750 | Washington, D.C. 20001
D: 202 824 1716 | T: 202 393 6222
michael.kelly@akerman.com



Michael Kelly

Akerman LLP
The Victor Building
750 9th Street, N.W., Suite 750
Washington, DC  20001

T: 202 393 6222
F: 202 393 5959

October 8, 2020

**BY EMAIL**

| | |
|---|---|
| L. Rush Atkinson, Esq. | Nicholas J. Linder, Esq. |
| Kyle Maurer, Esq. | United States Attorney's Office |
| U.S. Department of Justice | For the Southern District of Indiana |
| Criminal Division, Fraud Section | 100 West Market Street, Suite 2100 |
| 1400 New York Avenue, N.W. | Indianapolis, IN 46204 |
| Washington, D.C.  20005 | |

Re: *United States v. Meek, et al.*, Case No. 19-CR-378-JMS-MJD

Dear Rush, Kyle, and Nick:

We are writing on behalf of Bobby Peavler.  In light of the upcoming discovery conference with the Court on October 13, 2020, we would like to discuss a number of outstanding discovery issues with you and see if we can reach an agreement to streamline the issues that the Court would otherwise have to address at the conference.  To give you time to consider your position on these issues, we are describing our concerns in this letter.  We would like to schedule a conference call with you on Monday, October 12, to discuss each of the issues.

### A. Celadon's Backup Tapes in the Government's Possession

The government has held Celadon backup tapes in its possession in a FBI evidence locker since April, but has not been able to process the tapes due to concerns about Covid-19.  We understand that these tapes hold, among other things, email boxes for more than 100 Celadon employees, many of which will be important to us as we prepare Mr. Peavler's defenses.

As you know, we are sympathetic to the problem and we obviously do not wish to put any law enforcement personnel at risk, so we have been in a holding pattern as we wait for those tapes to become available.  The government has offered for us to physically inspect the backup tapes (including in a letter dated September 21), but that would not be productive because we could not access the information on the backup tapes and cannot review or otherwise gain any useful information from looking at their

akerman.com

outside containers.  If we cannot view the content on the backup tapes for such an important number of Celadon employees, that would interfere with Mr. Peavler's efforts to prepare his defense.  If the delay lingers for too long, we will be forced to ask for an extension of the May trial date, which is not what we (and we assume you) want.

We have a proposal for the government and Mr. Meek's counsel with respect to the backup tapes.  First, we believe that the government should propose to Celadon to set up a taint team at the Justice Department to review any emails or other documents that include the identity of lawyers.  We believe that Celadon's in-house and outside lawyers were often acting to provide business and not legal advice, and communications with the lawyers were oftentimes not protected by any privilege.  The taint team could provide a privilege log for any emails or other materials that it believes to be privileged, and the parties would have the opportunity to challenge privilege designations as necessary.  Celadon would have the opportunity to defend the privilege designations if it wished.  The parties could raise the objections to the Court for a decision upon those objections.  Second, the other emails and documents that do not contain the names of lawyers would be sent to us in a form available to be uploaded to our databases.  Our hope is that these tasks could be accomplished safely and efficiently such that no one would need to ask for a delay in the trial.

### B. The EY Production

On April 22, 2020, the government informed us that EY had produced electronic materials in response to a Rule 17(c) subpoena, that the production was not fully load-ready, and that the government was producing the materials as it received them from EY.  On August 11, 2020, the government informed us that "[s]ince receipt of this production, we have consulted with our litigation support specialists as to whether additional processing would be possible, so as to make more materials available in load-ready format," that "[w]e have been informed that our office does not have such capabilities" and that "we do not anticipate making additional load-ready productions to you related to the EY Production."

We have a series of questions about the current status of the EY Production.  Did the government ask EY to provide the materials in a load-ready format?  If not, why not?  Has the government made progress on its own in finding a load-ready solution?  Can the government identify what portions of the production are not load-ready?  And does the government intend to use any portion of the non-load-ready documents that it received from EY?  Thank you for answering these questions.  It will help us to identify what steps we need to take with respect to the EY production.

### C. Tapes Made By the U.S. Postal Inspection Service

We thank you for the May 29, 2020 production of the tape made by the U.S. Postal Inspection Service when it made an unannounced visit to Mr. Peavler's house.  It is a reasonable assumption that the U.S. Postal Inspectors visited other individuals, not just Bobby Peavler, and attempted to record any other conversations that ensued.  We

request that the government produce all of those tapes, not just the conversations with our client. We believe that those tapes are likely to contain *Brady* material and are also required be produced under Rule 16 as evidence material to the defense. In addition, the agents suggested to Mr. Peavler that they were conducting an investigation of BKD. If the agents' representations were true and not simply a ruse intended to deceive Mr. Peavler, we do not believe that we have received any materials related to any investigation of BKD, which would also be likely to contain *Brady* material and evidence material to the defense under Rule 16. Please let us know your position on these tapes and any other related materials.

### D. Celadon's Response to The Government's Letter

On May 9, 2020, you sent a letter to counsel for Celadon, making certain demands and copying the lawyers for Eric Meek and Bobby Peavler. Did the government receive a response to this letter from Celadon or its lawyers? Did Celadon or its lawyers produce any further materials to the government following this letter?

### E. Motion to Compel

We intend to bring a motion to compel in the near future concerning the topics set forth in our April 3, 2020 letter. We assume the government has not changed its position on any of these topics, but we want to check with you as a courtesy before we submit the filing. We also intend to file a motion for an order requiring compliance with *Brady v. Maryland*, but we assume that the government will oppose that motion. Please let us know if a discussion of either motion would be productive.

### F. Future Motions for Rule 17(c) Subpoenas

We anticipate that we will bring more motions for Rule 17(c) subpoenas. Of course, we are sensitive to the problem that a defense is not required to reveal its case, its theories, or defenses prior to trial. We are aware that there are many different ways that courts handle these issues. We would like to discuss with you whether you wish to agree on a way to proceed. We could agree to request that the Court provide us with the ability to issue Rule 17(c) subpoenas without making a showing to the Court on each individual subpoena, which has been done in other cases. We could agree that the parties can make *ex parte* submissions to the Court as to why the Rule 17(c) subpoenas are warranted. In every case, the parties would share the contents of the materials received pursuant to any subpoena with every other party in the case within 21 days of receipt, but not necessarily the subpoena itself if the subpoena reflects defenses or theories.

* * *

Please let us know if there is a time on Monday when we can discuss these matters. Thank you for working with us on these discovery issues.

Sincerely,

/s/ Michael Kelly

Michael Kelly


cc: Sergio E. Acosta, Esq.
Douglas B. Paul, Esq.
Ildefonso P. Mas, Esq.
Sean M. Berkowitz, Esq. (by email only)
Eric R. Swibel, Esq. (by email only)
Joshua G. Hamilton, Esq. (by email only)