# EXHIBIT 8

| From: | Kelly, Michael (Ptnr-DC) |
|---|---|
| Sent: | Friday, October 9, 2020 3:19 PM |
| To: | 'Linder, Nick (USAINS)' |
| Cc: | Acosta, Sergio (Ptnr-Chi); Paul, Douglas (Ptnr-DC); Atkinson, Lawrence (CRM); Mas, Ildefonso (Assoc-DC); Sean.Berkowitz@lw.com; eric.swibel@lw.com; Joshua.Hamilton@lw.com; Maurer, Kyle (CRM) |
| Subject: | RE: US v. Meek and Peavler |

Nick,

Thanks for your email.  It looks like we had different expectations than you concerning a number of issues, including the backup tapes.  Let's see what we can sort out before the conference on Tuesday.  I did not realize the time I proposed fell on a holiday, so I apologize for that.  Let's talk at 10 am on Monday if that works for the folks from Latham.  We'll circulate a dial-in.

Mike

**From:** Linder, Nick (USAINS) <Nick.Linder@usdoj.gov>
**Sent:** Friday, October 9, 2020 2:32 PM
**To:** Kelly, Michael (Ptnr-DC) <michael.kelly@akerman.com>
**Cc:** Acosta, Sergio (Ptnr-Chi) <sergio.acosta@akerman.com>; Paul, Douglas (Ptnr-DC) <douglas.paul@akerman.com>; Atkinson, Lawrence (CRM) <Lawrence.Atkinson2@usdoj.gov>; Mas, Ildefonso (Assoc-DC) <ildefonso.mas@akerman.com>; Sean.Berkowitz@lw.com; eric.swibel@lw.com; Joshua.Hamilton@lw.com; Maurer, Kyle (CRM) <Kyle.Maurer@usdoj.gov>
**Subject:** RE: US v. Meek and Peavler

Mike,

This is awfully short notice, particularly given our Tuesday morning hearing and Monday being a federal holiday.  We wish you had emailed us about these topics weeks or months ago, particularly since none of these issues is new.  We will make ourselves available for a call on Monday.  10am?

In advance, for efficiency, we want to briefly address the items you raised (we need to some time to answer your particular sub-questions):

**(A)**  The backup tapes are, and have been, available to the defense.  If you want to restore and review them, you are, and have been, free to make those arrangements with us.  When we say the tapes are available for inspection, it means they are available for the defense to take steps to inspect the contents of them.  Obviously, we do not mean that you are limited only to visually inspecting the plastic cassettes.  If you want to make arrangements to restore and review the content of any of the tapes, please let us know as soon as possible, and we can discuss the logistics of providing them to your vendor, maintaining a chain of custody, etc.  Restoring the tapes is obviously a precursor to any discussion with Celadon about its privilege.

To be clear, we have not restored and reviewed any of the tapes to date.  Thus, we have not reviewed their contents.  But that does not prevent you from making arrangements for restoring or reviewing them.

With respect to Celadon's privilege claims, we can discuss that further once you identify which tapes you want to restore and review.  For now, though, we will say that do not think the government must bear the time or cost of a privilege

review via a taint team or other means, especially when we are not restoring and reviewing the evidence. We also have concerns about the appropriateness and feasibility of what you are proposing.

**(B)** We provided the defense exactly what we received from EY so you could make your own arrangements to review it as quickly as possible. For our part, to date, we have been unable to access the non-load-ready portion of the files. If we are ultimately able to access it, we will promptly let you know. Likewise, if you are able to access it, please promptly let us know.

**(C)** Any recordings of non-defendant individuals are potential Jencks material and are not subject to Rule 16. Nevertheless, as we did with the investigative reports back in June, we will provide any such recordings well in advance of trial (and are aiming to provide it to you before the end of the month).

**(D)** There are two parts to the government's letter to Celadon dated May 9, 2020. The first part pertains to ensuring that document preservation language is included in any sale order in the bankruptcy. Our understanding is that has been complied with. See paragraph 13 of the attached sale order. The second part pertains to the contents of servers that might be subject to sale, and to provide a summary of the contents to you as well. Celadon has not provided that information.

**(E)** The government's positions stated in our letter of April 30, 2020 remain our position today. If you think circumstances have materially changed since April 30, we can discuss that on the call.

**(F)** We agree with your proposal that the defense submit _ex parte_ motions for the issuance of Rule 17 subpoenas to ensure compliance with Rule 17 and _Nixon_.

---

**From:** michael.kelly@akerman.com <michael.kelly@akerman.com>
**Sent:** Thursday, October 8, 2020 4:53 PM
**To:** Atkinson, Lawrence (CRM) <Lawrence.Atkinson@crm.usdoj.gov>; Maurer, Kyle (CRM) <Kyle.Maurer@CRM.USDOJ.GOV>; Linder, Nick (USAINS) <NLinder@usa.doj.gov>
**Cc:** sergio.acosta@akerman.com; douglas.paul@akerman.com; ildefonso.mas@akerman.com; Sean.Berkowitz@lw.com; eric.swibel@lw.com; Joshua.Hamilton@lw.com
**Subject:** US v. Meek and Peavler

Gentlemen:

See the attached letter. We'd like to set up a call with you so we can discuss these discovery issues before the conference on Tuesday. Is there a time on Monday that works for you?

Best regards,

Mike

**Michael Kelly**
Partner
Akerman LLP | 750 Ninth Street, N.W., Suite 750 | Washington, D.C. 20001
D: 202 824 1716 | T: 202 393 6222
michael.kelly@akerman.com

vCard | Profile



CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.